# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **IGOR STEPHENS, LUFLIN LAW FIRM, CATAMOUNT PROPERTIES 2018 LLC,**  Plaintiffs,  v.  **AARON COLEMAN,**  Defendant. | CIVIL ACTION FILE  No. 1:22-CV-03094-WMR  [Magistrate Judge McBath] |

## O R D E R

Defendant, proceeding pro se, seeks to remove his state court proceedings in the Magistrate Court of Henry County, Georgia, to this Court. (Doc. 1-1). Instead of paying the filing fee, Defendant applied to proceed *in forma pauperis* ("IFP"). (Doc. 1). For the reasons set forth below, the undersigned **GRANTS** Defendant's application to proceed IFP.

Under 28 U.S.C. §1915, the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][1] possesses that the person is unable to

---

[1] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

pay such fees or give security therefor." 28 U.S.C. §1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997)(§1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). "When considering a motion filed pursuant to §1915(a), [t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307 (alterations in original)(internal quotes and citations omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

But it bears emphasizing that §1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

"permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Here, Defendant states that he is unemployed, that his average income over the past twelve months from "self-employment" is $500 per month, and that his expected income in the coming month will be the same, $500. (Doc. 1 at 1-2). He reports that he has $76 in a checking account, and that his only asset is his home valued at $600,000. (*Id.* at 2-3). Defendant states that he has one child, age 3, that he supports, and he lists his monthly expenses as follows: $3,900 mortgage payment, $160 for utilities, $37 for home maintenance, $200 for food, $75 for laundry and dry-cleaning, and $100 for transportation, which totals $4,472. (*Id.* at 3-5).

Given Defendant's representation that he is unemployed, has one minor dependent, and his monthly expenses far exceed his current monthly income, the Court finds that Defendant cannot pay the Court's filing fees without foregoing the basic necessities of life.  Further, though Defendant lists a

3

$600,000 home as an asset, the proceedings Defendant seeks to remove to this Court appear to be foreclosure proceedings, suggesting that Defendant is at risk of losing his home. (Doc. 1-2); *see Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982)(the Court may "look beyond the [litigant]'s application to proceed in forma pauperis to determine his financial condition"). Defendant's request to proceed IFP is therefore **GRANTED**.

The Clerk is **DIRECTED** to **TERMINATE** the present reference to the undersigned Magistrate Judge and **SUBMIT** the case to the District Judge for a frivolity determination under 28 U.S.C. §1915(e).

**SO ORDERED and DIRECTED**, this 21st day of October, 2022.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE